IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jason Michael Boyle, | ) | Case No. 8:25-cv-10398-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Oconee County; Oconee County | ) | |
| Sheriff's Office; Oconee County | ) | |
| Detention Center; Sheriff Mike | ) | |
| Crenshaw, *in his individual capacity*; | ) | |
| Captain Jeremy Chapman, *in his* | ) | |
| *individual capacity*; Deputy Jimmy | ) | |
| Dixon, *in his individual capacity*; | ) | |
| Officer Honea, *in his individual* | ) | |
| *Capacity*; Deputy Preston Kirby, *in his* | ) | |
| *individual capacity*; John/Jane Does | ) | |
| 1–10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Complaint and a Report and Recommendation ("Report") of the Magistrate Judge.  [Docs. 1; 9.]  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

On August 14, 2025, the Magistrate Judge issued a Report recommending that the Court dismiss the action without issuance and service of process and without leave to amend.  [Doc. 9.]  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  [*Id.* at 31.]  Plaintiff filed objections on August 22, 2025.  [Doc. 15.]

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

**BACKGROUND**

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983. [Doc. 1.] The Complaint alleges that Defendants engaged in a "pattern of unlawful arrests, retaliatory threats, and unconstitutional detentions" from September 2020 to late 2024. [*Id.* at 2.]

Plaintiff alleges that, in September of 2020, his wife was "chased by a man . . . who threatened to kill her while using racial slurs." [*Id.*] Oconee County Sheriff's Office deputies responded to the incident but "refused to take a report or provide protection." [*Id.*]

Plaintiff alleges that, on March 14, 2024, two Oconee County Sheriff's Office deputies, including Defendant Deputy Jimmy Dixon, visited Plaintiff's private residence under the pretense of investigating a missing child. [*Id.* at 2, 15.] When Plaintiff

2

demanded to see a warrant, the deputies abandoned their investigation. [*Id.* at 2–3.] "Efforts to obtain records and verify the legitimacy of this intrusion were met with contradictory statements, altered timelines, and false documentation." [*Id.* at 3.]

On or about May 28, 2024, Defendant Officer Honea, an Oconee County Sheriff's Office deputy, allegedly visited Plaintiff's residence, bypassing a locked gate and a "No Trespassing" notice, to serve two rules to show cause issued by the Oconee County Probate Court. [*Id.* at 18.]

On May 29, 2024, a probate judge with "no jurisdiction" summarily sentenced Plaintiff to jail. [*Id.* at 2.] Plaintiff was incarcerated for eight days and "detained repeatedly under the authority of documents citing an unrelated estate case" over the following weeks. [*Id.*] Plaintiff claims that the Oconee County Sheriff's Office and the Oconee County Detention Center enforced these unlawful orders and "[held] Plaintiff on a so-called 'probate hold.'"[1] [*Id.*]

On September 12, 2024, Plaintiff engaged in a protest outside of the Oconee County Probate Court. [*Id.* at 3, 19.] Defendant Deputy Preston Kirby, an Oconee County Sheriff's Office deputy, threatened physical violence against Plaintiff, stating that he "intended to go home, change clothes, and return to 'kick [Plaintiff's] butt.'" [*Id.*]

> As the Magistrate Judge recounted,
>
> Plaintiff asserts the following sixteen causes of action. For a
> first cause of action, Plaintiff alleges a Fourth Amendment

---

[1] Plaintiff's allegations regarding these incidents form the basis for another lawsuit in this Court. *See Boyle v. Singleton*, No. 8:25-cv-10364-JDA-WSB (D.S.C.) ("*Boyle I*"). On May 24, 2024, Plaintiff visited the Oconee County Probate Court to pay an invoice on behalf of Dorothy Pierce in a matter involving the Estate of Doyle Elton Pierce. *Boyle I*, Doc. 1 at 11. During this visit, Plaintiff "recorded a brief video in which he expressed his personal opinions critical of [Probate Judge Danny Singleton]." *Id.* at 12. Plaintiff posted the video to YouTube. *Id.* On May 29, 2024, Plaintiff returned to the probate court to

"unlawful entry/trespass" claim against Officer Honea. For a second cause of action, Plaintiff asserts a claim for violation of the Fourth Amendment for "unlawful investigation without cause or record, and filing a false police report" against Officer Jimmy Dixon. For a third cause of action, Plaintiff asserts a claim for supervisory liability against Sheriff Crenshaw. For a fourth cause of action, Plaintiff alleges a claim for due process violations under the Fourth and Fourteenth Amendments against the Oconee County Sheriff's Office and Oconee County Detention Center. For a fifth cause of action, Plaintiff alleges a First Amendment retaliation claim against the Oconee County Sheriff's Office and its employees. For a sixth cause of action, Plaintiff asserts a claim for "unauthorized release of phone calls (Right to Privacy/Fourth & Fourteenth Amendments)." For a seventh cause of action, Plaintiff asserts a *Monell* claim against Oconee County. For an eighth cause of action, Plaintiff alleges a claim for "vicarious liability." For a ninth cause of action, Plaintiff asserts a claim for state law trespass against Officers Honea and Dixon. For a tenth

---

receive a rule to show cause concerning the events of May 24. *Id.; see also* RULE TO SHOW CAUSE J. BOYLE, https://www.southcarolinaprobate.net/search/ (select Oconee County and search by case number 2020ES3700532). Singleton confronted Plaintiff in the courtroom lobby in the presence of Oconee County Sheriff's Office deputies and demanded deletion of the video. *Boyle I,* Doc. 1 at 12–13. When Plaintiff refused, Singleton sentenced Plaintiff to ten days in jail for direct contempt. *Id.* at 13.

On June 5, 2024, Singleton held a hearing on the rule to show cause. *Id.* Singleton sentenced Plaintiff, still in custody on the first sentence, to an additional 60 days in jail. *Id.* at 14. Singleton subsequently released Plaintiff and recharged him under a second rule to show cause dated June 6, 2024. *Id.* On June 17, 2024, Singleton held a hearing on the second rule to show cause. *Id.* Plaintiff proceeded pro se at the hearing, as a representative of the public defender's office testified that the office could not represent Plaintiff in a civil matter. *Id.* at 14–15. Singleton sentenced Plaintiff to 50 days in jail. *Id.* at 15.

Plaintiff was released from custody on July 17, 2024, pending appeal. *Id.* at 3, 16. The order authorizing Plaintiff's release "imposed vague and expansive restrictions on [Plaintiff's] speech, travel, alcohol consumption[,] and firearm possession," and it further stated that Plaintiff could not "speak publicly about [his] case." *Id.* at 16 (internal quotation marks omitted).

On July 22, 2024, Circuit Judge Lawton McIntosh directed Jim Logan, Singleton's attorney, to draft a rule to show cause holding Plaintiff in contempt for violating the "gag order." *Id.* On September 12, 2024, McIntosh issued an order finding Plaintiff in contempt. *Id.* at 17.

4

cause of action, Plaintiff alleges a claim for state law false imprisonment against "all relevant officers." For an eleventh cause of action, Plaintiff asserts a claim for intentional and/or negligent infliction of emotional distress. For a twelfth cause of action, Plaintiff alleges a state law claim for abuse of process. For a thirteenth cause of action, Plaintiff asserts a claim for failure to intervene under 42 U.S.C. § 1983. For a fourteenth cause of action, Plaintiff alleges a claim for conspiracy to violate civil rights under 42 U.S.C. §§ 1983 and 1985. For a fifteenth cause of action, Plaintiff asserts a state law claim for civil conspiracy. For a sixteenth cause of action, Plaintiff alleges a claim for declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202.

[Doc. 9 at 3–4 (internal citations omitted).] Plaintiff seeks compensatory and punitive damages, declaratory relief, injunctive relief, pre- and post-judgment interest, attorneys' fees and costs, and any other just and proper relief. [Doc. 1 at 41.]

## **DISCUSSION**

The Magistrate Judge recommends dismissing the present action without issuance and service of process and without leave to amend.[2] [Doc. 9.] First, the Magistrate Judge concluded that all claims arising out of Plaintiff's state court contempt proceedings and subsequent incarcerations are not properly before the Court under *Younger v. Harris,* 401 U.S. 37 (1971). [*Id.* at 10–11.] Second, the Magistrate Judge concluded that "Plaintiff's claims for damages resulting from Judge Singleton's orders that Plaintiff serve time for civil contempt are barred by [*Heck v. Humphrey,* 512 U.S. 477 (1994)]." [*Id.* at 12.] Third,

---

[2] Plaintiff filed this action pursuant to 28 U.S.C. § 1915, which authorizes the Court to conduct an initial review and dismiss the action if it determines that the operative complaint "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To this end, the Court is required to construe a pro se pleading liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but it need not "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

the Magistrate Judge concluded that the named Defendants are entitled to dismissal because they are immune from suit, they are not persons subject to suit under § 1983, or because Plaintiff failed to alleged facts stating a claim for relief against them. [*Id.* at 12–20.] Fourth, the Magistrate Judge concluded that Plaintiff's Complaint fails to make out plausible claims under the Fourth and Fourteenth Amendments; the First Amendment; or *Monell v. Department of Social Services,* 436 U.S. 658 (1978). [*Id.* at 20–27.] Finally, the Magistrate Judge concluded that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and that, even if the Court were to consider the state law claims, they should be dismissed for failure to state a claim. [*Id.* at 28–29.]

Plaintiff filed lengthy objections to the Report. [Doc. 15.] Regarding the Report's conclusion that the Court should abstain under *Younger*, Plaintiff argues that "[t]here is no ongoing state proceeding" because "there is no record of the underlying case that is purportedly being appealed." [*Id.* at 4.] In addition, he argues that the bad faith/harassment exception to *Younger* applies and that "the state forum was structurally incapable of providing redress." [*Id.* at 5.] Regarding the Report's conclusion that *Heck* bars Plaintiff's claims for damages resulting from the contempt orders, Plaintiff argues there is no conviction or criminal judgment to impugn. [*Id.* at 6.] Further, Plaintiff objects to the Report's recommendation of the dismissal of individual Defendants Deputy Jimmy Dixon, Deputy Preston Kirby, Officer Honea, Captain Jeremy Chapman, and Sheriff Mike Crenshaw; the John and Jane Doe Defendants; and Oconee County.[3] [*Id.* at 10–25.]

---

[3] To this end, Plaintiff argues that the Magistrate Judge applied an improper pleading standard and "dissect[ed] Plaintiff's claims defendant by defendant without considering the allegations as a whole." [*Id.* at 28–29.]

Finally, Plaintiff disagrees with the Report's conclusion regarding the futility of further amendment, and he seeks leave to amend the Complaint. [*See id.* at 3; 26–27.]

As explained herein, the Court accepts in part and rejects in part the Report of the Magistrate Judge.

**Oconee County Detention Center and Oconee County Sheriff's Office**

As an initial matter, Plaintiff does not object to the dismissal of Defendants Oconee County Detention Center and Oconee County Sheriff's Office. [Doc. 15 at 24.] Finding no clear error in the Report, the Court accepts that recommendation of the Magistrate Judge and dismisses all claims against these parties because they are not persons under § 1983.

***Younger v. Harris***

The Magistrate Judge correctly concluded that *Younger* bars Plaintiff's claims arising out of the contempt proceedings. "In *Younger* and its progeny, the Supreme Court generally has found abstention appropriate if the following three-pronged test has been met: 1/ there are ongoing state judicial proceedings; 2/ the proceedings implicate important state interests; and 3/ there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Hum. Rels.*, 38 F.3d 1392, 1396 (4th Cir. 1994). First, Plaintiff's contempt proceedings remain pending in the South Carolina Court of Appeals. *See* South Carolina Appellate Case Management System, https://ctrack.sccourts.org/public/caseView.do?csIID=81188 (last accessed Mar. 31, 2026). Second, "[a] State's interest in the contempt process, through which it vindicates the regular operation of its judicial system, . . .is surely an important interest,"

7

regardless of whether such proceedings are "civil, quasi-criminal, or criminal in nature."[4] *Juidice v. Vail,* 430 U.S. 327, 335 (1977).  Third,  Plaintiff may raise—and apparently *has* raised—his federal claims in his pending state-court appeal.  *See, e.g.,* South Carolina Appellate Case Management System, Final Brief – Appellant, https://ctrack.sccourts.org/public/caseView.do?csIID=81188 (last accessed Mar. 31, 2026).

In his objections, Plaintiff argues that "[t]here is no ongoing state proceeding" because "there is no record of the underlying case that is purportedly being appealed." [Doc. 15 at 4.]  The Court disagrees.  That Singleton's initial contempt order purportedly lacked a case number or a docket entry does not invalidate the proceedings, as "[d]irect contempt that occurs in the court's presence may be immediately adjudged and sanctioned summarily," *Brandt v. Gooding,* 630 S.E.2d 259, 264 (S.C. 2006), and "South Carolina courts have always taken a liberal and expansive view of the 'presence' and 'court' requirements," *State v. Kennerly*, 524 S.E.2d 837, 838 (S.C. 1999).  Moreover, "Plaintiff's pending appeal in the South Carolina Court of Appeals contains numerous records from the underlying actions, including the [rules to show cause] issued to Plaintiff, Judge Singleton's Orders, transcripts from the underlying contempt hearings, as well as affidavits and other testimony submitted during the contempt hearings."  [Doc. 9 at 22 n.9.]

In addition, Plaintiff has not demonstrated that the bad faith exception to *Younger* applies.  *See Nivens v. Gilchrist,* 444 F.3d 237, 241 (4th Cir. 2006) ("The Supreme Court

---

[4] The Magistrate Judge determined that "probate and estate administration proceedings implicate important state interests."  [Doc. 9 at 11.]  However, the undersigned believes the more salient inquiry is whether the *contempt proceedings* implicate important state interests, as this matter does not concern the underlying merits of the probate case.

has recognized that a federal court may disregard *Younger's* mandate only where (1) 'there is a showing of bad faith or harassment by state officials responsible for the prosecution'; (2) 'the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions'; or (3) 'other extraordinary circumstances' exist that present a threat of immediate and irreparable injury."). Plaintiff's allegations of bad faith—"Crenshaw's unlogged 'anonymous' call, Dixon's fabricated reports, and Kirby's threat confirmed by Chief Davis"—refer to isolated incidents unrelated to the contempt proceedings or Plaintiff's pending appeal. [Doc. 15 at 5].

Finally, Plaintiff's contention that "the state forum [is] structurally incapable of providing redress" is conclusory; as previously stated, Plaintiff may raise his federal claims in his pending appeal to the South Carolina Court of Appeals. [*Id.*]

### *Heck v. Humphrey*

The Magistrate Judge correctly concluded that *Heck* bars Plaintiff's damages claims arising out of the contempt proceedings. Plaintiff argues that "[t]he absence of any criminal judgment . . . makes [*Heck*] inapplicable as a matter of law." [*Id.* at 6.] For the reasons outlined above, the Court disagrees. *See Brandt,* 630 S.E.2d at 264; *Kennerly,* 524 S.E.2d at 838; [Doc. 9 at 22 n.9].

Plaintiff cites *Ballenger v. Owens,* 352 F.3d 842, 846 (4th Cir. 2003), for the proposition that *Heck* "does not extend to civil contempt or other non-criminal proceedings." [Doc. 15 at 6.] As an initial matter, *Ballenger* does not address civil or criminal contempt proceedings. Second, the Magistrate Judge correctly concluded that *Heck* applies to civil contempt proceedings. *See Bardes v. Magera,* No. 2:08-cv-487-PMD-RSC, 2009 WL 3163547, at *27 (D.S.C. Sept. 30, 2009) ("Until the plaintiff's

9

contempt or sentence is set aside, any civil rights action based on the finding of [civil] contempt and sentence and related matters will be barred because of the holding in *Heck v. Humphrey.*"), *aff'd*, 403 F. App'x 862 (4th Cir. 2010).

In any case, the South Carolina Court of Appeals classified Plaintiff's contempt proceedings as *criminal*. *See* South Carolina Appellate Case Management System, Non-Dispositional Decision - Order - Motion to Disqualify Counsel and Clarify Parties, https://ctrack.sccourts.org/public/caseView.do?csIID=81188 (last accessed Mar. 31, 2026) (substituting the State as Respondent because "a notice of appeal from a criminal contempt conviction must be served on the Attorney General"); *see Benzing v. North Carolina*, No. 3:17-CV-000619-KDB-DCK, 2020 WL 3439558, at *5 (W.D.N.C. June 23, 2020) ("Neither of the underlying convictions for criminal contempt . . . have been reversed, expunged, declared invalid, or questioned on habeas review, and therefore these claims must be dismissed in accordance with *Heck*; to hold otherwise would allow an impermissible collateral attack on Plaintiff's convictions through a Section 1983 claim.").

**Oconee County**

The Magistrate Judge correctly concluded that Plaintiff failed to sufficiently allege municipal liability under *Monell*. In his objections, Plaintiff argues that "[t]he factual specifics [of municipal liability]—what policies, customs, or failures to supervise gave rise to [the alleged] constitutional violations—are properly the subject of discovery." [Doc. 15 at 22.] However, Plaintiff must allege "a *specific* deficiency and establish that deficiency's causal connection to [a] *specific* [constitutional] violation." *Washington v. Hous. Auth. of the City of Columbia,* 58 F.4th 170, 182 (4th Cir. 2023). Plaintiff has not done so. *See*

10

*Carter v. Morris,* 164 F.3d 215, 218 (4th Cir. 1999) ("[A] plaintiff cannot rely upon scattershot accusations of unrelated constitutional violations to prove either that a municipality was indifferent to the risk of her specific injury or that it was the moving force behind her deprivation."), *abrogated on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Shaw v. Stroud*, 13 F.3d 791, 798–99 (4th Cir. 1994).

**Deputy Jimmy Dixon**

The Magistrate Judge correctly concluded that all claims against Dixon are subject to dismissal. Plaintiff argues that Dixon's "false report of a missing child and unlogged visit on March 14, 2024 show calculated conduct designed to fabricate evidence" against Plaintiff. [Doc. 15 at 11.] However, these allegations do not establish a constitutional violation. To the extent Plaintiff lodges a Fourth Amendment claim for unlawful search or seizure, "a police officer not armed with a warrant may approach a home and knock, precisely because that is 'no more than any private citizen might do.'" *Florida v. Jardines*, 569 U.S. 1, 8 (2013); *see id.* ("This implicit license typically permits the visitor to approach the home by the front path, knock promptly, wait briefly to be received, and then (absent invitation to linger longer) leave.") Here, Dixon left Plaintiff's premises as soon as Plaintiff demanded to see a warrant. Accordingly, Plaintiff fails to allege any Fourth Amendment injury, as Dixon's alleged conduct did not rise to the level of a search or seizure. To the extent Plaintiff lodges a Fourteenth Amendment claim for fabrication of evidence, Plaintiff does not allege any attendant deprivation of liberty. In other words, Plaintiff does not allege that Dixon's conduct resulted in a wrongful arrest, prosecution, or conviction.

11

**Officer Honea**

The Magistrate Judge correctly concluded that all claims against Honea are subject to dismissal.  In his objections, Plaintiff argues that Honea exceeded his "limited license" by "bypass[ing] a locked gate, ignor[ing] a clearly posted 'No Trespassing' sign, and enter[ing] Plaintiff's property."  [Doc. 15 at 14.]  As previously stated, "a police officer not armed with a warrant may approach a home and knock."  *Jardines*, 569 U.S. at 8.  However, "if the owner of a home encloses the curtilage with a fence, locks the gate, and posts 'No Trespassing' signs, the effect for Fourth Amendment purposes is to extend the walls of the home to the edge of the curtilage."  *Edens v. Kennedy*, 112 F. App'x 870, 875 (4th Cir. 2004).  Even if Honea indeed bypassed a locked gate and ignored a "No Trespassing" sign, such conduct does not alone establish a constitutional violation.  *See United States v. Jones*, 565 U.S. 400, 408 n.5 (2012) ("Trespass alone does not qualify, but there must be conjoined with that . . . an attempt to find something or to obtain information.").  Because Honea entered Plaintiff's property for the limited purpose of serving orders issued by the Probate Court, his conduct does not amount to an unconstitutional search.  *See Norton v. City of Whiteville*, No. 7:16-CV-300-BO, 2017 WL 912018, at *2 (E.D.N.C. Mar. 7, 2017) ("Although [the plaintiff] claims that the officers trespassed the curtilage of his home, mere trespass by a police officer is insufficient to implicate the protections of the Fourth Amendment . . . .  Further, 'the officers in this case had a legitimate reason for entering [the plaintiff's] property unconnected with a search of such premise' . . . .").

**Sheriff Mike Crenshaw**

The Magistrate Judge correctly concluded that all claims against Crenshaw are subject to dismissal.   Plaintiff argues that Crenshaw "was an active participant in fabricating and sustaining a false narrative, concealing misconduct, and ignoring obvious unlawful deficiencies."  [Doc. 15 at 19; *see id.* at 18 ("Crenshaw was aware of the case number deficiency that rendered my detention unlawful.  He also knew of the dishonest police report generated by [Dixon].  Despite this knowledge, he personally validated the false narrative, stating he received an 'anonymous call' on his personal cell phone but providing no explanation of time or sequence.")]  As discussed, Plaintiff fails to plausibly allege an underlying constitutional violation related to Dixon's conduct.  *See Anderson v. Caldwell Cnty. Sherriff's Office*, 524 F. App'x 854, 862 (4th Cir. 2013) ("No actionable claim against supervisors or local governments can exist without a constitutional violation committed by an employee."); *Waring v. Kraft*, No. 2:23-cv-5453-RMG, 2025 WL 357744, at *6 (D.S.C. Jan. 31, 2025) ("A claim without an underlying constitutional violation naturally creates no vicarious liability under § 1983.").  Moreover, any claims concerning Plaintiff's contempt proceedings and subsequent incarcerations are barred by *Younger* and/or *Heck*.

**Captain Jeremy Chapman**

The Magistrate Judge correctly concluded that all claims against Chapman are subject to dismissal.  Plaintiff's allegations against Chapman concern Plaintiff's contempt proceedings and subsequent incarcerations.  [*See* Doc. 15 at 16 ("Chapman detained Plaintiff for nearly forty days despite being on notice that no case number, docketed order,

13

or valid judgment existed to justify confinement.").] As previously stated, any such claims are barred by *Younger* and/or *Heck*.

**John and Jane Doe Defendants**

Plaintiff argues that he "has plausibly alleged constitutional violations committed by unidentified officers whose names can and must be revealed through discovery." [Doc. 15 at 20.] Plaintiff's allegations against the John and Jane Doe Defendants concern Plaintiff's contempt proceedings and subsequent incarcerations. [*See id.* ("Plaintiff was arrested in the courthouse lobby with no warrant, no case number, and no lawful order. . . . The deputies who physically carried out this unlawful arrest were directly involved in depriving Plaintiff of his liberty, violating the Fourth and Fourteenth Amendments.").] As previously stated, any such claims are barred by *Younger* and/or *Heck*.

**Deputy Preston Kirby**

The Magistrate Judge incorrectly concluded that all claims against Kirby are subject to dismissal. In his objections, Plaintiff argues that Kirby's conduct "was retaliatory, revealed hostility toward [his] protected speech, and reasonably chilled further expression." [Doc. 15 at 13.] Construing the Complaint liberally, the Court finds that Plaintiff sufficiently alleges a First Amendment retaliation claim against Kirby.

To establish a First Amendment retaliation claim under § 1983, a plaintiff must allege facts showing (1) that the plaintiff's speech was protected; (2) that the defendant's alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech; and (3) that a causal relationship existed between plaintiff's speech and the defendant's retaliatory action. *See Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 686

14

(4th Cir. 2000). The adverse action alleged must be sufficiently serious that it "would likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005). Here, Plaintiff alleges that he was engaged in a peaceful one-man protest outside the Probate Court; that he "received a text message from a citizen inside the courthouse lobby" relaying that Kirby "had threatened to 'go home, change clothes, and come back to kick [Plaintiff's] butt'"; and that he suffered a chilling effect on his speech as a result of the retaliation. [Docs. 1 at 19–21, 27–28; 15 at 12–13.] The Court finds these allegations sufficient to survive summary dismissal, as a threat of violence by a deputy is likely to be considered an adverse action that would chill a person of ordinary firmness from continuing his or her lawful protest. Accordingly, the Court rejects the portion of the Report recommending that Plaintiff's First Amendment retaliation claim against Kirby be dismissed and recommits this matter to the Magistrate Judge to authorize service of process on Kirby.

**State Law Claims**

The Magistrate Judge primarily recommends declining to exercise supplemental jurisdiction over Plaintiff's state law claims "[b]ecause Plaintiff's constitutional claims should all be dismissed." [Doc. 9 at 28–29.] However, because Plaintiff's First Amendment retaliation claim against Defendant Kirby survives initial review under 28 U.S.C. § 1915, the Court declines to dismiss Plaintiff's state law claims on this ground. Because the Court is recommitting this action to the Magistrate Judge, the Magistrate

15

Judge should conduct further initial review regarding Plaintiff's state law claims to determine whether they should be served or dismissed under 28 U.S.C. § 1915.[5]

**Leave to Amend**

The Court construes Plaintiff's objections to contain a request for leave to amend the Complaint. [*See, e.g.,* Doc. 15 at 3, 26–27.] However, Plaintiff failed to submit a proposed amended complaint that is complete in itself. *See Tucker v. Price*, No. 4:22-cv-1861-MGL-MHC, 2023 WL 10449206, at *1 (D.S.C. Jan. 24, 2023) (denying a motion to amend the complaint based on the plaintiff's failure to file a proposed amended complaint and stating that "[a] plaintiff may not amend a complaint in piecemeal fashion by merely submitting additional factual allegations" and an amended complaint "should be complete in itself" (internal quotation marks omitted)). Plaintiff's request to amend the Complaint is therefore denied.

**CONCLUSION**

Based upon the foregoing, the Court accepts in part and rejects in part the Report and Recommendation of the Magistrate Judge. The Court DISMISSES Plaintiff's federal claims—except his First Amendment retaliation claims against Defendant Kirby—with prejudice, not on the merits, under *Younger, see Nivens,* 444 F.3d at 247, and for the additional reasons described above. The Court RECOMMITS this matter to the Magistrate Judge to authorize service of process on Defendant Kirby for the First

---

[5] Although the Magistrate Judge alternatively recommended that the state law claims be dismissed for failure to state a claim [Doc. 9 at 29], the Report does not include extensive discussion related to this alternative recommendation. Nor did it need to, as the primary analysis regarding the state law claims was to decline to exercise supplemental jurisdiction.

Amendment retaliation claim and to conduct further initial review regarding the state law claims.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

April 8, 2026
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.